United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 07-30057
Summary Calendar

WILLARD E. GOLDEN,

Plaintiff-Appellee,

versus

OMNI ENERGY SERVICES CORPORATION,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
Civil Action No. 6:05-CV-02100-RTH-CMH

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's dismissal of William E. Golden's personal injury

claims against Omni Energy Services Corp. ("Omni") for lack of subject matter jurisdiction. We

affirm the district court's judgment.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Golden, a Texas resident, was the passenger in a helicopter that crashed near Mouton Cove, Louisiana. Golden filed suit against Omni in federal district court. Golden later joined the helicopter owner, American Helicopters, Inc. ("American Helicopters"), with the consent of Omni. The joinder of American Helicopters, a Texas corporation and citizen, destroyed complete diversity between the parties. Omni filed a motion for reconsideration, requesting that the district court reconsider its granting leave for Golden to join American Helicopters as a defendant. The district court denied Omni's motion for reconsideration.

Counsel for Omni then attempted to negotiate a stipulation with Golden's counsel that would permit dismissal of American Helicopters and restore the district court's diversity jurisdiction over the case. The parties never reached an agreement, however, on the proposed language of the stipulation. On November 8, 2006, Golden filed a motion to dismiss for lack of subject matter jurisdiction because the joinder of American Helicopters defeated complete diversity of citizenship among the parties. On November 28, 2006, Omni moved the district court to retain jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA") or alternatively, to dismiss the claims against American Helicopters and retain diversity jurisdiction. Omni reiterated these arguments in its opposition brief to Golden's motion to dismiss for lack of subject matter jurisdiction. On December 14, 2006, the district court ruled from the bench that it lacked jurisdiction under OCSLA and dismissed Golden's claims against American Helicopters for lack of subject matter jurisdiction. Shortly thereafter, on January 8, 2007, the district court denied Omni's motion to retain jurisdiction because its prior ruling rendered the motion moot. The district court then dismissed without prejudice the entire action. Omni timely appeals.

## II.  STANDARD OF REVIEW

This court reviews de novo the district court's dismissal of a case based on lack of subject matter jurisdiction. *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 436 F.3d 495, 498 (5th Cir. 2006).  We review the district court's decision to not cure the jurisdictional defect, by dismissing the non-diverse defendant pursuant to Federal Rules of Civil Procedure Rule 21, for abuse of discretion. *Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir. 1973).

## III.  DISCUSSION

A.

Under OCSLA, federal district courts shall exercise jurisdiction over "cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil, and seabed of the outer Continental Shelf . . . ."  43 U.S.C. § 1349(b)(1)(A).  Omni argues that the helicopter accident giving rise to Golden's alleged personal injuries fall within the scope of OCSLA's jurisdictional provision.  According to Omni, the jurisdictional provision does not entail a situs requirement; instead, the court must determine if the accident would not have occurred *but for* operations on the Continental Shelf.  In this case, the helicopter accident happened while transporting Golden to his job on an offshore platform in the Gulf of Mexico in West Cameron Block 280, a work site located on the Continental Shelf.  For these reasons, Omni argues that the district court erred in finding no jurisdiction under OCSLA.

OCSLA merely establishes jurisdiction while conferring no substantive rights.  In *Offshore Logistics, Inc. v. Tallentire*, the Supreme Court held that OCSLA does not "require or permit [courts] to extend the coverage of the statute to platform workers" injured "miles away from the

3

platform and on the high seas" based solely on their occupational status. 477 U.S. 207, 219 (1986). The scope of OCSLA's coverage must be "determined principally by locale." *Id.* In line with the Court's interpretation of OCSLA, the Fifth Circuit in *Texaco Exploration and Production, Inc. v. AmClyde Engineered Products Co., Inc.*, set forth three conditions for employing OCSLA: "(1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed or artificial structures permanently or temporarily attached thereto). (2) Federal maritime law must not apply of its own force. (3) The state law must not be inconsistent with Federal law." 448 F.3d 760, 774 (5th Cir. 2006). For OCSLA jurisdictional purposes, both cases compel the district court to take into account the location of incidents giving rise to the lawsuit. Here, the undisputed facts show that the helicopter accident giving rise to Golden's lawsuit did not occur on the Continental Shelf. The helicopter crash instead occurred in a field near Mouton Cove, Louisiana. Therefore, the district court cannot exercise jurisdiction over instant lawsuit under OCSLA.

B.

FRCP Rule 21 provides that "[m]isjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." More specifically, "Rule 21 invests district courts with authority to allow a *dispensible* nondiverse party to be dropped at any time, even after judgment has been rendered." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004) (emphasis added). Omni argues that the district court abused its discretion in dismissing the case because Golden joined American Helicopters seven and a half months after filing the lawsuit, and Omni and American Helicopters are closely related in such a manner that Omni could be held responsible for any liability of American Helicopters under governing Louisiana laws.

4

The district court determined that despite the available theories under Louisiana law for Golden to hold Omni liable for American Helicopters' actions, the entities are still separate corporations. The district court stated to Omni's counsel that "although you are willing to waive that protection, [by stipulating that Omni and American Helicopters are alter egos], [Golden is] not willing to waive the jurisdictional issue . . . ."

At the time of the district court's dismissal, the parties had yet to conduct discovery and the only evidence of the company's association was an affidavit provided by Omni. Golden persuasively argues that in due course, further discovery may reveal insurance policies and theories of recovery requiring American Helicopters to be a party for the maximum prosecution of Golden's claims. Moreover, in this case, Omni initially consented to the joinder of American Helicopters until realizing that this addition defeated the court's diversity jurisdiction. Finally, the mere possibility of American Helicopters and Omni qualifying as alter egos of one another does not render American Helicopters dispensable to this litigation. Accordingly, we hold that the district court did not abuse its discretion in dismissing the entire case without prejudice as opposed to curing the jurisdictional defect.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.